PATSY MINK and MARILYN BORNHORST, in their official capacity as Council Members of the City and County of Honolulu, State of Hawaii on behalf of themselves and all other voters of the City and County of Honolulu, Petitioners, *v.* RAYMOND K. PUA, City Clerk, City and County of Honolulu, TORAKI MATSUMOTO and RUDY PACARRO, Respondents, and REPUBLICAN PARTY OF HAWAII, Intervenor

NO. 10998

DECEMBER 4, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ., AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE TANAKA IN PLACE OF WAKATSUKI, RECUSED

## OPINION OF THE COURT BY PADGETT, J.

On Tuesday, November 26, 1985, we issued an order directing respondent Raymond K. Pua, Clerk of the City and County of Honolulu, to take appropriate action pursuant to HRS § 11-117(b) to carry into effect our ruling that respondents Toraki Matsumoto and Rudy Pacarro were disqualified to run in the special election held to fill their unexpired terms as a result of their having been recalled. In that order,

we noted that a written opinion would follow. This is that opinion.

Respondents Matsumoto and Pacarro were recalled when a majority of voters, voting on the question of their recall at a special election held for that purpose, voted in favor of the recall.

The recall election was held pursuant to Sections 12-102 and 12-103 of the Revised Charter of the City and County of Honolulu. Section 12-103 provided in part:

> No person who has been removed from his elected office or who has resigned from such office after a recall petition directed to him has been filed, shall be eligible for election or appointment to any office of the City within two years after his removal or resignation.

Pursuant to the direction of the United States Court of Appeals for the Ninth Circuit, the United States District Court for the District of Hawaii enjoined respondent Pua from refusing, on the basis of the provision just quoted, to place the names of respondents Matsumoto and Pacarro on the ballot to elect the persons to fill the unexpired terms from which they had been recalled.

The question of whether, under other provisions of the Revised Charter, the recalled councilmen were eligible to run in the special election to fill their unexpired terms was not dealt with in the injunction.

When a vacancy in the office of councilman occurs, the special election to fill that vacancy is held pursuant to the provisions of the Revised Charter of the City and County of Honolulu, Section 3-105(b), which provides as follows:

> *Vacancy in Office* - A vacancy in the office of any councilman shall be filled in the following manner:
>
> . . . . .
>
> (b) If the unexpired term is for one year or more, the vacancy shall be filled by special election to be called by the council within ten days and to be held within sixty days after the occurrence of the vacancy. At such time, the electors of the district shall elect a successor to fill the vacancy for the remainder of the term. If any special or general election is to be held in the city after thirty days and within one hundred eighty days after the occurrence of the vacancy, then the election shall be held in conjunction with such other election.

The above provision, by its terms, is a general one, providing for the filling of any vacancy, whether resulting from death, disability, resignation, recall, impeachment or because the councilman has moved out of

 

his district. The key word in that section is the word "successor" and it necessarily must mean the same in all cases of vacancies, no matter how they occur.

The definition of "successor" in *Black's Law Dictionary* at 1283 (5th ed. 1979) begins:

One that succeeds or follows; one who takes the place that another has left, and sustains the like part or character; one who takes the place of another by succession.

In 83 C.J.S., *Successor* at 770 (1953), it is stated:

The term "successor" is variously defined as meaning he that followeth, or cometh in another's place; one that succeeds or follows; one who follows another into a position; one who succeeds or takes the place of another; one who succeeds to the rights or place of another; one who takes the place of another by succession; one who takes the place of a predecessor or preceding thing; one who takes the place which another has left, and sustains the like part or character; also, a person who has been appointed or elected to some office after another person.

*See also* 40A *Words and Phrases* (1964) beginning at page 20.

Thus, the usual meaning of the word "successor" is one who takes the place of another. No one has pointed to anything in the Charter, or in the history leading up to the adoption thereof, which would indicate an intention to depart from that ordinary meaning of the word "successor" in Section 3-105(b).

On the other hand, it is difficult to conceive that the Charter was intended to allow, for example, an impeached councilman, or a council-man who had resigned, to run to fill the vacancy created by his or her impeachment or resignation. In such situations, the common sense of construing "successor" to mean what it ordinarily means and thus to bar the impeached or resigned councilman from running to succeed himself or herself is obvious.

We see no reason why the ordinary signification of the word "successor" should not be also used with respect to one who fills a vacancy created by a recall election. A recalled councilman, by the special recall election, has had one opportunity to have the question of his or her continuance in office voted upon by the people. We find no evidence, in the Charter, of an intention to give him or her a second.

Respondents Matsumoto and Pacarro contend that our construction of the Revised Charter violates Article I, section 8 of the Constitu-

tion of the State of Hawaii, which provides:

No citizen shall be disfranchised, or deprived of any of the rights or privileges secured to other citizens, unless by the law of the land.

Clearly, Matsumoto and Pacarro have not been disfranchised by the provisions of the Charter.

State and local governments have obvious and legitimate interests in provisions limiting an office holder's right to reelection or reappointment. Thus, for example, we have a constitutional provision which limits the number of consecutive terms a governor may serve. Article V, section 1, Constitution of the State of Hawaii. We also have statutory provisions which limit the number of years an appointee to administrative boards may serve. HRS § 26-34. The persons who take office, knowing of those requirements and accept them, are subject to such requirements. They thus are not deprived of any of the rights or privileges secured to other citizens except by the law of the land.

Respondents Matsumoto and Pacarro also argue that our construction of the Charter is contrary to the First and Fourteenth Amendments to the Constitution of the United States under *Anderson v. Celebrezze,* 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983).

In that case a third party candidate, for President of the United States, did not get his papers filed with the proper Ohio officials by a March deadline. Under that statute, major party candidates did not have to file at that early date.[1]

In that case, the Supreme Court of the United States said:

Constitutional challenges to specific provisions of a State's election laws therefore cannot be resolved by any "litmus-paper test" that will separate valid from invalid restrictions. [Citation omitted.] Instead, a court must resolve such a challenge by an analytical process that parallels its work in ordinary litigation. It must first consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate. It then must identify and evaluate the

---

[1]The majority opinion in *Anderson* noted that the state's interest in political stability was adequately vindicated by another statute prohibiting a defeated candidate in a party primary from running as an independent. 460 U.S. at 783, 103 S.Ct. at 1567, 75 L.Ed.2d at 554. That provision is much closer to the Charter provisions of which respondents Matsumoto and Pacarro are complaining than the statute struck down in *Anderson.*

 

precise interests put forward by the State as justifications for the burden imposed by its rule. In passing judgment, the Court must not only determine the legitimacy and strength of each of those interests; it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights. Only after weighing all these factors is the reviewing court in a position to decide whether the challenged provision is unconstitutional.

*Id.* at 789, 103 S.Ct. at 1570, 75 L.Ed.2d at 558.

Applying that test, it seems clear to us that there is virtually no character or magnitude to the asserted injury to their rights that respondents Matsumoto and Pacarro seek to assert. They ran for office knowing they were subject to recall. A recall petition was duly circulated, signed and verified. A recall election was held as provided by statute. They lost by a majority vote of those voting on the issue of their recall. They now seek to be reelected to the office from which they have been removed, hoping that, because there is no primary election as a forerunner to the special election to fill the vacancy, they may now be elected by a plurality less than a majority and thus vitiate the will of the people expressed in the recall election.

Secondly, the interest of the City and County, as expressed in the Charter, is to give the citizens a right by a majority vote to recall councilmen for whatever reason the citizens may deem appropriate. If respondents Matsumoto and Pacarro could run again, the people would be required to reject them twice in order to have them out of office for the remainder of the term from which they were recalled.[2] Moreover, the provision with respect to vacancies is, as we have pointed out above, a general one and must be construed so as to apply to all vacancies, no matter how created. This adds another interest on the part of the City and County of Honolulu in barring recalled councilmen, along with resigned and impeached councilmen, from running to fill the vacancies created by their disqualification from office.

Thirdly, the disqualification is necessary to accomplish the Revised Charter's purpose of letting the citizens decide whether or not to recall a councilman. The process of recall by a majority and reelection by a plurality which respondents urge, could, given the time limitations

---

[2] A provision expressly allowing recalled councilmen to run could have been included in the Charter if that was what was wanted. It was not.

expressed in Section 12-103 of the Revised Charter of the City and County of Honolulu, be repeated several times during the second and third years of a councilman's four-year term.

The people of the City and County of Honolulu adopted the Revised Charter. They had the right to provide for the recall of their elected officials and they likewise had the right, within constitutional limitations, to create thereby a mechanism which would prevent the frustration of that right. This they have done, and their interest in so doing outweighs any possible impingement upon the interests of respondents Matsumoto and Pacarro to run again to fill their own vacancies. We find no constitutional impediment to the enforcement of the Charter provisions as we have construed them.

We therefore hold that a recalled councilman is ineligible to run in the special election to fill the remainder of his or her unexpired term. Our previous judgment of disqualification stands.

*David C. Schutter* (*David F. Simons* and *Janice E. Teramae* with him on the petition, *Schutter Cayetano Playdon* of counsel) for petitioners Mink and Bornhorst.

*Boyce R. Brown, Jr.* (*Mary Blaine Johnston* and *Cynthia H.H. Thielen* with him on the briefs, *Brown & Johnston* of counsel) for respondents Matsumoto and Pacarro.

*Ronald B. Mun* (*A. Edward Fyffe, Jr.* with him on the brief), Deputies Corporation Counsel, for respondent Pua.

*George L. Dyer, Jr.* for intervenor Republican Party of Hawaii.